UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUSAN PITTMAN, ETC.                              CIVIL ACTION

VERSUS                                            NO. 07-9050

HANOVER INSURANCE COMPANY                        SECTION "C" (1)


ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal.   Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns unpaid Katrina-related losses allegedly covered under an insurance policy issued by the defendant.   This matter was removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion Nacional De Pescadores A Pequena

Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes.   The defendant's argument is largely based on

policy limits, and the possibility of penalties.[1]  (Rec. Doc. 6).    According to the plaintiff,
her building sustained $25,309.96 in damages and that she is seeking $27,000 for loss of
income.  (Rec. Doc. 9).  The Court finds that the defendant has not made a showing
"sufficiently particularized" to meet its burden.

Based on the record and the law, the Court finds that the defendant has not
established subject matter jurisdiction.  In addition, the Court is mindful that removal
jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100
(1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293
(5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*,
§3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright,
A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court  for the
Parish of Orleans, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

---

[1]        The Court notes the defendant's reference to an estimate of $443,000.
However, the attachment is unauthenticated and incomplete, and is contradicted by the
plaintiff's current representation.

The rule to show cause is SATISFIED.   (Rec. Doc. 7).

New Orleans, Louisiana, this 25th  day of January, 2008.


                                        HELEN G. BERRIGAN
                                        UNITED STATES DISTRICT JUDGE